ATTORNEY GENERAL, *ex rel.* FINLEY, *v.* FAWCETT.

1. SHERIFFS AND CONSTABLES—IN CASE OF VACANCY UNDER SHERIFF
   SERVES ONLY UNTIL VACANCY FILLED.
   There is no conflict between 1 Comp. Laws 1929, § 1327, provid-
   ing that in case of vacancy in office of sheriff under sheriff
   shall execute said office until another sheriff is elected and
   qualified, and 1 Comp. Laws 1929, § 3369, providing for
   appointment of certain county officers, including sheriff, to
   fill vacancy.

2. SAME—COMMON LAW.
   At common law, authority of deputy sheriff *ipso facto* terminates
   when sheriff goes out of office by death, resignation, removal,
   or otherwise.

3. SAME—HOW VACANCY FILLED—STATUTES.
   On death of sheriff, under sheriff may execute said office only
   until vacancy is filled by appointment under 1 Comp. Laws
   1929, § 3369.

*Quo warranto* proceedings by Patrick H. O'Brien,
Attorney General, on the relation of Ilahbelle Fin-
ley, against Claude H. M. Fawcett to try title to
the office of sheriff of Livingston county. Submitted
April 20, 1933. (Docket No. 140, Calendar No.
37,192.) Ouster denied May 16, 1933.

*Patrick H. O'Brien,* Attorney General, *Judson E.
Richardson,* Assistant Attorney General, and *Don
W. Van Winkle,* for plaintiff.

*Shields & Smith,* for defendant.

WIEST, J. The sheriff of Livingston county died,
during the first month of his term of office, and
Ilahbelle Finley, under sheriff and relator herein,
claims to hold the office of sheriff by virtue of the
following statute:

"Whenever a vacancy shall occur in the office of sheriff of any county, the under sheriff of such county shall, in all things, execute the office of sheriff, until a sheriff shall be elected and qualified; and any default or misfeasance in office of such under sheriff in the meantime, as well as before, shall be deemed to be a breach of the condition of the bond given by the sheriff who appointed him, and also a breach of the condition of the bond executed by such under sheriff to the sheriff by whom he was appointed." 1 Comp. Laws 1929, § 1327.

The judge of probate, prosecuting attorney, and county clerk appointed defendant sheriff, and he qualified and is in the office, and claims to hold the office of sheriff by virtue of the following statute:

"When a vacancy shall occur in an elective or appointive county office, it shall be filled in the following manner:

"1. If the vacancy shall be in the office of county clerk or prosecuting attorney it shall be filled by appointment by the judge or judges of that judicial circuit and the person appointed shall hold office for the remainder of the unexpired term.

"2. If the vacancy shall be in any other county office, either elective or appointive, the judge of probate, the county clerk, and the prosecuting attorney shall appoint some suitable person to fill such vacancy and the person so appointed shall hold such office for the remainder of the unexpired term." 1 Comp. Laws 1929, § 3369.

The attorney general contends that the under sheriff is now the sheriff, and, by this proceeding, seeks to oust defendant, claiming there is conflict between the two mentioned statutes, and, the statute under which defendant was appointed being later, did not repeal the earlier statute under which the

under sheriff succeeded to the office and no repeal, by implication, may be indulged.

The two statutes are not in conflict. The one, under which relator claims, prevents an interregnum by designating an *ad interim* assumption of duties by the under sheriff. This is manifested by the provision that he acts under the bond of the former sheriff as well as his bond as under sheriff.

"At common law the authority of a deputy sheriff *ipso facto* terminates when the sheriff goes out of office by death, resignation, removal, or otherwise * * *. But to remedy the difficulty resulting from having no sheriff in office the statutes usually provide that in such case the duties of the office shall be discharged by the deputy or under sheriff until a new sheriff is appointed and qualifies." 57 C. J. p. 777.

"The status of an under sheriff on the death of the sheriff to execute the duties of the sheriff as prescribed by statute continues only until the vacancy is filled by election or appointment." 57 C. J. p. 766.

The plan of having the under sheriff execute the office of sheriff until a sheriff should be elected or appointed, as the case might be, is an old one, and appears to have been adopted in this jurisdiction in 1820 by the governor and judges of the Territory of Michigan, and suggested by the New York statute of 1813. 1 Territorial Laws, Michigan, p. 506. See, also, 3 Territorial Laws, Michigan, p. 1196. When the law provided for an election to fill a vacancy in the office of sheriff the statute, of course, provided that the under sheriff should execute the office of sheriff until a sheriff should be elected. Revised Stat. 1838, § 45, p. 46; Revised Stat. 1846, § 72, p. 74. When the statute, as now, provides for the appointment of a sheriff to fill the vacancy, an election is

no longer necessary, and the under sheriff, after appointment of a sheriff, cannot execute the office of sheriff.

Much light is thrown upon the question here by the following quotation from *Boardman & Perry* v. *Halliday,* 10 Paige Ch. (N. Y.) 223:

"Under sheriffs, and other deputies of the sheriff, being appointed only during the pleasure of the sheriff, would, by the common law, cease to be such the moment that will was determined, either by the death, removal, or resignation of the person under whom they held the appointment. (Atkins. Sher. Law, 40. Watson's Off. of Sher. 32.) To remedy this common law difficulty, so far as to provide for the discharge of the duties of the office in case of the death of the sheriff, the statute, 3d. Geo. 1, ch. 15, § 8, provided for the continuance in office of the deputy, or under sheriff, until another sheriff was appointed and duly qualified. The revised laws of 1813 contained a similar provision, except that it was confined to the under sheriff, and did not embrace all the general deputies of the sheriff. (1 R. L. of 1813, p. 420, § 3.) That statutory provision, however, only extended to the case of a vacancy in the office by the death of the sheriff. And in *Paddock* v. *Cameron,* 8 Cowen (N. Y.), 212, the supreme court decided that the under sheriff could not execute the duties of the office where the vacancy occurred by resignation of the sheriff, or by any other cause than his natural death. The 4th section of the act of April, 1827, was therefore passed by the legislature, providing for the discharge of the duties of the office by the under sheriff in all cases of vacancy.  *  *  *  The section of the revised statutes which casts the duties of the office upon the under sheriff, renders the sureties on his bond to the sheriff liable for any default or misfeasance in the office, as a counter security to the sheriff and his

sureties who are responsible for the acts of the under sheriff.''

This explains the use in our statute of the terms ''The under sheriff of such county shall, in all things, execute the office of sheriff, until a sheriff shall be elected and qualified,'' and the purpose with reference to the bonds of the sheriff and the under sheriff. It is unfortunate that the statute retains the word ''elected,'' but this is explained by the fact that, when that statute was passed, a successor sheriff could not be appointed but had to be elected. When the legislature provided for appointment in section 3369, the word ''elected,'' in the old statute, should have been changed to read ''appointed.'' It is clear, however, that the under sheriff can do no more than execute the office of sheriff until a successor sheriff is appointed or elected.

Defendant is sheriff of Livingston county. Ouster denied. No costs.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.