ATTORNEY GENERAL, *ex rel.* BAIRD, *v.* JOHNSON.

1. QUO WARRANTO—ANSWERS—ADMISSIONS—REMOVAL OF PREVIOUS OFFICERS.

In *quo warranto* proceedings to oust defendant from office of sheriff, statement in answer that defendant performed the

duties of the office as undersheriff conceded the validity and effectiveness of the order removing the previous sheriff.

2. OFFICERS—APPOINTMENT—NOTICE OF VACANCY—STATUTES.

The jurisdiction of an appointing authority to make an appointment to fill a vacancy in office of sheriff does not depend upon notice being given such authority as required by statute (1 Comp. Laws 1929, § 3380).

3. SAME—APPOINTMENT WITHOUT NOTICE OF VACANCY.

The purpose of statutory requirement that notice of a vacancy in a public office be given to appointing officer, board or body is to bring action, so, if an appointment is had in a proper instance without such notice, the purpose of not leaving a public office vacant is accomplished and the appointment is valid (1 Comp. Laws 1929, § 3380).

4. SAME—APPOINTMENT—SHERIFF.

In *quo warranto* proceedings to oust undersheriff from office of sheriff which he refused to vacate upon appointment of another person by the county clerk, prosecuting attorney and three of the four probate judges, point that not all ·four of the judges participated in the appointment rendered it invalid *held*, without merit (1 Comp. Laws 1929, § 3369).

5. SHERIFFS AND CONSTABLES—VACANCY IN OFFICE—UNDERSHERIFFS —STATUTES.

There is no conflict between 1 Comp. Laws 1929, § 1327, providing that in case of vacancy in office of sheriff undersheriff shall execute said office until another sheriff is elected and qualified, and 1 Comp. Laws 1929, § 3369, providing for appointment of certain county officers, including sheriff, to fill vacancy.

6. SAME—STATUTES—VACANCY.

On vacancy in office of sheriff, the undersheriff may execute said office only until the vacancy is filled by appointment (1 Comp. Laws 1929, § 3369).

7. QUO WARRANTO—QUALIFICATION FOR OFFICE—RECORD.

In *quo warranto* proceedings to try title to office of sheriff, defendant's claim that relator was not qualified to assume the duties of the office by reason of failure to take and file the oath of office and file the bond required by law *held*, without foundation under record showing information alleging relator had qualified for office by complying with the constitutional and statutory requisites, supported by relator's affidavit and no denial in defendant's answer.

8. Same—Jurisdiction of Supreme Court.

    The Supreme Court has jurisdiction in *quo warranto* to try title to the office of county sheriff (Const. 1908, art. 7, § 4).

*Quo warranto* by Attorney General, on relation of Andrew C. Baird, against Aceil F. Johnson to try title to the office of sheriff of Wayne county. Submitted August 14, 1940. (Docket No. 112, Calendar No. 41,245.) Ouster granted August 23, 1940. Rehearing denied November 13, 1940.

*Thomas Read,* Attorney General, *Edmund E. Shepherd, Kenneth G. Prettie, Thomas A. Kenney,* Assistants Attorney General, for plaintiff.

*Nicholas Salowich (Walter S. Rae,* of counsel), for defendant.

Wiest, J. June 11, 1940, the governor found Thomas C. Wilcox, sheriff of Wayne county, guilty of misfeasance and nonfeasance in office and removed him from the office. Upon such removal Aceil F. Johnson, undersheriff, assumed the duties of that office. June 14, 1940, three of the four probate judges, the prosecuting attorney, and the county clerk of Wayne county appointed Andrew C. Baird sheriff to fill the vacancy. Defendant refused to vacate the office and thereupon the attorney general, at the request of Mr. Baird, filed an information in this court requiring defendant to show cause by what warrant he claims to usurp, intrude into, and exercise the public office of sheriff of Wayne county.

Defendant by answer says "that he exercises the rights, powers, privileges and prerogatives, and performs the duties of the office of sheriff of the county of Wayne as undersheriff in accordance with the statutes in such case made and provided."

This necessarily concedes the validity and effectiveness of the order removing Mr. Wilcox.

The pleadings frame issue upon the validity of the appointment of Mr. Baird.

Defendant contends that 1 Comp. Laws 1929, § 3380 (Stat. Ann. § 6.751), precluded appointment without notice of the vacancy.

That statute provides:

"That in case a vacancy shall occur in any public office, which vacancy may be filled by appointment by the governor or otherwise, notice of such vacancy and of the facts why the same exists, shall within ten days after such vacancy shall occur, be given in writing to the officer, board or body, having power to fill such vacancy by appointment. Such notice shall be given as follows: If such vacancy shall be in any county office, excepting county clerk, by the clerk of the county wherein the same shall occur."

The jurisdiction of the proper board to make an appointment to fill the vacancy does not depend upon the notice mentioned, as that is intended to bring action, and, if action is had in a proper instance without such notice, the purpose of not leaving a public office vacant is accomplished and is valid.

1 Comp. Laws 1929, § 3369 (Stat. Ann. § 6.715), provides:

"When a vacancy shall occur in an elective or appointive county office, it shall be filled in the following manner:

"1. If the vacancy shall be in the office of county clerk or prosecuting attorney it shall be filled by appointment by the judge or judges of that judicial circuit and the person appointed shall hold office for the remainder of the unexpired term.

"2. If the vacancy shall be in any other county office, either elective or appointive, the judge of probate, the county clerk and the prosecuting attorney

shall appoint some suitable person to fill such vacancy and the person so appointed shall hold such office for the remainder of the unexpired term."

The point that three of the probate judges for Wayne county and not all four took part in making the appointment has no merit.

Defendant contends that, notwithstanding the terms of that statute, he is entitled to hold office until a successor sheriff is elected.*

The answer to this is found in *Attorney General* v. *Fawcett,* 263 Mich. 288, and there is no merit in the point. The holding in that case leaves little to be said in this case.

Counsel for defendant in his brief contends that Mr. Baird was not qualified to assume the duties of the office of sheriff by reason of his failure to take and file the oath of office and file the bond required by law.

The information stated:

"This plaintiff is informed that the said Andrew C. Baird qualified for the office of sheriff on the 14th day of June, 1940, by taking the constitutional oath and filing his bond, which was approved in accordance with the provisions of the statutes in such cases made and provided. (1 Comp. Laws 1929, § 1323 *et seq.* [Stat. Ann. § 5.861 *et seq.*])."

Supporting such allegation was the affidavit of Mr. Baird that on the day of his appointment "he qualified for said office by fulfilling the requirements of the statute and filing bond."

The answer of the defendant did not deny this but alleged:

"That the purported qualification of Andrew C. Baird, if any, to the place and office was and is wholly void and without effect and all this by reason of the matters heretofore in this answer set forth."

---

* See 1 Comp. Laws 1929, § 1327 (Stat. Ann. § 5.865).—Reporter.

Under this record the point urged has no foundation.

This court has jurisdiction in the premises. Const. 1908, art. 7, § 4.

Andrew C. Baird is the duly appointed sheriff of Wayne county, and ouster of Aceil F. Johnson is granted.

Plaintiff will recover costs.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, MCALLISTER, and BUTZEL, JJ., concurred. ·